IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ALFRED AISHMAN | § | |
| | § | |
| v. | § | NO. 1:16-cv-268 |
| | § | |
| GCIU RETIREMENT FUND CEO, et al. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pre-trial proceedings. Pending before the court is Defendant St. Regis Paper Company's (St. Regis) "Motion for Summary Judgment." Doc. No. 66. Aishman did not respond to the motion. The court has received and considered the report of the magistrate judge (Doc. No. 74), filed on December 18, 2017, which recommended granting the motion. Plaintiff Alfred Aishman filed a timely objection. Doc. No. 79.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); Fed. R. Civ. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Judge Hawthorn recommended granting summary judgment in favor of St. Regis because there is no evidence upon which a trier of fact could find that St. Regis is the employer for whom Aishman worked. Aishman objects that the paper company he worked for in Texas "moved and

changed its name to" the St. Regis company he sued as the Defendant in this case. Doc. No. 29, at 2. Aishman has not provided any evidence that St. Regis is the same company as the paper company he worked for in Texas, but St. Regis has provided extensive evidence that they have never operated as a business in Texas. Aishman can cite to no specific evidence creating a dispute of material fact that St. Regis is the same company he worked for in Texas. *See* FED. R. CIV. P. 56(c)(1)(A), (B) (requiring Aishman to support his assertions by "citing to particular parts of materials in the record" or "showing that… an adverse party cannot produce admissible evidence to support the fact."). Accordingly, Aishman's objection is overruled.

Aishman cites to an Eighth Circuit case, *United States v. Jennings*, 487 F.3d 564 (8th Cir. 2007), for the premise that the Government can seek civil "forfeiture of any property[,] real or personal[,] which constitutes or is derived from proceeds traceable to a violation of… any offense constituting 'specified unlawful activity'…." Doc. No. 79, at 3. The cited case is not germane to Aishman's lawsuit before this court. Accordingly, Aishman's objections in reliance on *Jennings* are overruled.

It is, therefore, **ORDERED** that Aishman's objections (Doc. No. 79) are **OVERRULED**, the magistrate judge's report and recommendation (Doc. No. 74) is **ADOPTED**, St. Regis' "Motion for Summary Judgment" (Doc. No. 66) is **GRANTED**, and Aishman's claims against St. Regis are **DISMISSED WITH PREJUDICE**. A final judgment will be entered separately.

So **ORDERED** and **SIGNED** this **17** day of **January, 2018.**

_____
Ron Clark, United States District Judge