IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ALFRED AISHMAN | § | |
| | § | |
| v. | § | NO. 1:16-cv-268 |
| | § | |
| GCIU RETIREMENT FUND CEO, et al. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pre-trial proceedings. Pending before the court is Defendant GCIU-Employer Retirement Fund and Defendant Matthew Wenner's ("GCIU") "Motion for Summary Judgment." Doc. No. 73. The court has received and considered the report of the magistrate judge (Doc. No. 75), filed on December 19, 2017, which recommended granting the motion. Plaintiff Alfred Aishman filed a timely objection. Doc. No. 80.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Aishman objects by alleging that St. Regis Paper Company (St. Regis), the contributing employer he worked for from 1980 to 1985, "simply [laid] him off through their fraudulent practice in order to deny Plaintiff his earned retirement benefits." Doc. No. 80, at 2. Even if St.

Regis somehow "fraudulently" laid Aishman off, it is unclear how this would be a legitimate claim against GCIU in its role as the employee retirement fund manager.  GCIU provided evidence that the Plaintiff accumulated a maximum of 4.5 years of vesting credits in the 1980s, but 10.0 years of credits were required to fully vest in the retirement plan.  *See* Doc. No. 73, Ex. B, Art. VII, § 3; Ex. D.  Instead of fully vesting, Aishman's credits were gradually forfeited until he had 0.0 (zero) years of vesting credits remaining from his work during the 1980s.  *See generally* Doc. No. 73, Ex. B, Art. VI, § 1.

Aishman did not respond to GCIU's motion for summary judgment or submit any evidence to controvert the number of credits required to fully vest, his hours worked, or how his vesting credits should be calculated in another way.  Aishman now argues that his overtime credits were miscalculated, and he should have been accorded 9.5 vesting credits before he was laid off.  Doc. No. 80, at 4.  GCIU has provided evidence of how hourly calculations convert to years of credit for vesting purposes (*See* Doc. No. 73, Ex. B, Art. VII, § 1), while Aishman has provided only unsupported assertions.  For Aishman's allegation of 9.5 vesting credits to be true, earning more than 1.0 vesting credits in a year must be possible.  Based on the only relevant evidence submitted to this court, 1.0 vesting credits is the maximum that can be earned in one year, no matter how many overtime hours are worked.  *See id.*  Thus, Aishman's claim of 9.5 vesting credits is impossible because he only alleges he worked for St. Regis Paper Company from 1980 to 1985.  Doc. No. 80, at 2.  Accordingly, Aishman's objections are overruled.

Aishman cites to an Eighth Circuit case, *United States v. Jennings*, 487 F.3d 564 (8th Cir. 2007), for the premise that the Government can seek civil "forfeiture of any property[,] real or personal[,] which constitutes or is [derived] from proceeds traceable to a violation of… any offense constituting 'specified unlawful activity'…." Doc. No. 80, at 3.   The cited case is not

germane to Aishman's lawsuit before this court. Accordingly, Aishman's objections in reliance on *Jennings* are overruled.

It is, therefore, **ORDERED** that Aishman's objections (Doc. No. 80) are **OVERRULED**, the magistrate judge's report and recommendation (Doc. No. 75) is **ADOPTED**, GCIU's "Motion for Summary Judgment" (Doc. No. 73) is **GRANTED**, and Aishman's claims against GCIU Retirement Fund CEO, GCIU Retirement Fund Employers, and Matthew Wenner are **DISMISSED WITH PREJUDICE**. A final judgment will be entered separately.

So **ORDERED** and **SIGNED** this **17** day of **January, 2018.**

_____
Ron Clark, United States District Judge